Greer, administrat r, vs. Burnam.

---

GREER, administrator, *vs.* BURNAM.

1. The evidence is ample to support the verdict, if the jury believed the testimony for one side and disbelieved the conflicting testimony of the other, which they had the right to do.
2. A debtor may elect which of two debts he wishes a fund to pay; if he does not so elect, the creditor may apply the fund to either debt.
3. An agent cannot exceed his authority, and if he gives the creditor notice of its extent by telling him what the principal directed him to say to the creditor, then outside agreements beyond the scope of his authority made by the agent with the creditor, unless ratified by the principal, will not bind him.

October 16, 1883.

New Trial. Debtor and Creditor. Principal and Agent. Before Judge SIMMONS. Houston Superior Court. April Term, 1883.

Reported in the decision.

W. L. GRICE, by brief, for plaintiff in error.

B. M. DAVIS, for defendant.

JACKSON, Chief Justice.

1. The plaintiff in error sued the defendant in error on a promissory note. She defended on the ground that she sent cotton to him to pay the note, and with instructions to apply the proceeds thereto, and that he did not, but put the proceeds to extinguish other indebtedness. The evidence is ample to support the verdict, if the jury believed the agent of defendant, which they had the legal right to do, and disbelieved the other side, which they also had the legal right to do.

2, 3. We see no material error affecting the verdict in the charge complained of. It is to the effect that if defendant sent enough cotton to pay the note, with instructions to plaintiff to put it on the note, but he put it on another debt, the note was paid; that if one holds two demands against a debtor, the debtor may direct the money applied to either, and it must be done; if she does not, the creditor may apply it to which he pleases; that if her agent who carried the cotton consented to its going the way the creditor wished, and she ratified it, it bound her; but if, after giving her instructions, he went beyond his authority and so agreed and she did not ratify, then she was not bound.

These appear to us plain principles of law.

First, that the debtor may elect which debt of two he wishes a fund to pay; if he does not, the creditor may apply it to either.

Secondly, that an agent cannot exceed his authority; and if he gives the creditor its extent, by telling him what the principal directed him to say to the creditor, then

any outside agreement, beyond the scope of his authority, unless ratified by the principal, made by the agent, will not bind the principal.

Judgment affirmed.